UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.:

CHARLES MILTON TARTER,

Plaintiff,

v.

READY 5 RESTORATION, LLC,

Defendant.

## COMPLAINT

Plaintiff, Charles Milton Tarter (the "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant Ready 5 Restoration, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for damages, declaratory relief, injunctive relief, and all other appropriate remedies arising from Defendant's unlawful employment practices in violation of federal and Florida law. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12101 et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq.; the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 et seq.; and the Florida Workers' Compensation Law, Fla. Stat. § 440.205.

Plaintiff seeks redress for Defendant's discriminatory and retaliatory conduct, including disparate treatment, failure to accommodate, and unlawful termination based on Plaintiff's disability and age, as well as retaliation for engaging in protected activity when he

sustained a workplace injury, filed a workers' compensation claim, requested reasonable accommodations, and pursued his rights under applicable law.

Plaintiff seeks all relief available under federal and state law, including back pay, front pay, compensatory and punitive damages, emotional distress damages, declaratory and injunctive relief, reinstatement or front pay in lieu of reinstatement, restoration of benefits, prejudgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

## PARTIES

1. At all times material, Plaintiff, Charles Milton Tarter, is an adult male and a resident of Collier County, Florida, with an address of 1300 Positano Circle, Unit 202, Naples, Florida 34105.

2. At all times material, Plaintiff was employed by Defendant as a West Coast Lead Mitigation Technician.

3. At all times material, Plaintiff was a "person," "aggrieved person," and "employee" as those terms are defined under the ADA, 42 U.S.C. § 12111(4); the ADEA, 29 U.S.C. § 630(f); and the Florida Civil Rights Act, Fla. Stat. § 760.02.

4. At all times material, Plaintiff was a qualified individual with a disability as defined by the ADA and the FCRA, in that Plaintiff had a physical impairment that substantially limited one or more major life activities, had a record of such impairment, and/or was regarded as having such impairment.

5. At all times material, Plaintiff was a member of a class protected under the ADEA and FCRA based on his age, having been born on February 15, 1963, and being over the age of forty (40) at all times relevant to this action.

6. Defendant, Ready 5 Restoration, LLC, is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 7131 Business Park Lane, Lake Mary, Florida 32746. At all times material, Defendant conducted business operations in the Fort Myers, Florida area, where Plaintiff was employed.

7. At all times material, Defendant was a "person" and an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5); the ADEA, 29 U.S.C. § 630(b); and the Florida Civil Rights Act, Fla. Stat. § 760.02, and had the authority to hire, fire, discipline, and direct the work of Plaintiff and to affect his compensation, benefits, and terms and conditions of employment.

8. At all times pertinent hereto, Defendant was engaged in an industry affecting commerce and employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3)-(4), as this action arises under the laws of the United States prohibiting discrimination in employment, including the ADA and the ADEA.

10. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims arise from the same nucleus of operative facts as his federal claims, involve the same parties, and resolving both sets of claims in one action promotes judicial economy, efficiency, and fairness.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to these claims occurred in whole or in part in the Fort Myers, Florida area, where Defendant conducts business and maintained Plaintiff's employment records.

## CONDITIONS PRECEDENT

12. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office, Charge No. 510-2026-01397;

b. The charge was dual filed with the Florida Commission on Human Relations (FCHR) under Fla. Stat. § 760.10;

c. On May 20, 2026, the EEOC issued a Notice of Right to Sue, authorizing Plaintiff to commence a civil action in federal court.

d. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of that Notice.

13. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff Charles Milton Tarter was employed by Defendant as a West Coast Lead Mitigation Technician from approximately August 2021 until his wrongful termination effective July 17, 2025.

15. Throughout his tenure, Plaintiff consistently met or exceeded performance expectations. As recently as January 2025, Plaintiff received a performance evaluation that praised his ability to "work independently and carry the department load for months at a time."

16. Plaintiff's manager, Joseph Gladish, age 67, and Plaintiff, then age 62, were two of the oldest employees in the division. Both Plaintiff and his manager were targeted for removal within a short time of one another, during a period of internal restructuring in which Defendant was replacing senior, experienced technicians with younger, non-disabled, less-paid workers.

17. On or about November 2024, Plaintiff suffered a severe workplace injury to his right thumb while performing assigned job duties. Because Plaintiff is right-handed, the injury substantially limited his ability to grip, lift, and perform certain tasks.

18. Plaintiff immediately reported the injury to his manager, Joseph Gladish; Vice President of Operations, Chris Tri; and Human Resources.

19. Plaintiff's treating physician recommended surgery, cortisone injections, and a brace. The brace was delayed for months.

20. On March 25, 2025, Plaintiff was placed on workers' compensation leave. Throughout his time on leave, Plaintiff remained under medical restrictions and under the care of his treating surgeon.

21. Following the injury and the filing of Plaintiff's workers' compensation claim, Defendant's management began to view Plaintiff as a liability rather than supporting his recovery.

22. Despite Plaintiff's requests, Defendant failed to implement any formal or lasting accommodation.

23. Plaintiff requested a transition into a role consistent with his medical restrictions. Management ignored those requests and refused to engage in the interactive process required by law.

24. Beginning shortly after Plaintiff's workers' compensation leave commenced, Defendant subjected Plaintiff to a series of adverse and humiliating actions. Defendant excluded Plaintiff from meetings, cut off communication with him, and revoked his warehouse access.

25. Despite the disparate treatment, Plaintiff openly verbalized, at work, that he intended to remain employed despite his injury. However, Defendant nevertheless began taking steps to force Plaintiff out of his employment. Plaintiff believes Defendant's subsequent actions were intended to remove him rather than allow him to continue working following his injury and workers' compensation leave.

26. Plaintiff's subordinates and/or Defendant's younger employees, unlike Plaintiff, were permitted to maintain access to Defendant's facilities while being absent from work due to medical conditions. During these younger employees' absence, Defendant's management remained in constant communication with them. By contrast, Defendant required Plaintiff to surrender his key on the first day of his workers' compensation leave and thereafter restricted his access to the workplace. Plaintiff, one of Defendant's oldest workers, was treated substantially less favorable following his medical condition and period of disability leave.

27. Upon learning Plaintiff's workers compensation leave, Plaintiff was immediately required to surrender his warehouse key, was excluded from the workplace, had his communications with management curtailed, and was subjected to escalating pressure concerning his employment following his workplace injury and workers' compensation leave. These circumstances further support Plaintiff's belief that Defendant regarded him as expendable because of his age, injury, medical restrictions, and pursuit of workers' compensation benefits.

28. Additionally, Plaintiff's personal belongings stored at the warehouse were withheld for weeks, despite Plaintiff's multiple requests to retrieve his items.

29. When Plaintiff was finally permitted to retrieve his personal belongings from the warehouse, Defendant assigned a supervisor, to shadow Plaintiff throughout the process, as if Plaintiff were a security risk. This treatment was deeply humiliating and unwarranted given Plaintiff's spotless employment record.

30. Throughout this period, Defendant repeatedly threatened Plaintiff with job loss if he did not accept an undefined role, without the duties, schedule, or start date of any purported accommodation.

31. On or about June 12, 2025, Defendant sent a return-to-work letter to Plaintiff via FedEx overnight mail, demanding that Plaintiff return to work by June 17, 2025, or provide updated medical restrictions. The letter stated only that there was "work that can accommodate the restrictions" but did not specify what type of work would be required.

32. Plaintiff did not receive the letter until approximately eight to nine days later and immediately communicated with Vice President Tri, explicitly refuting any suggestion that he had resigned.

33. Despite Plaintiff's prompt communication upon his return, Defendant informed Plaintiff by mail that his employment was terminated effective July 17, 2025. No exit meeting, phone call, or discussion ever occurred. Defendant's initial characterization was that Plaintiff had "quit." Defendant subsequently changed its position and characterized the separation as termination.

34. At the time of his termination, Plaintiff was still under the active care of his treating surgeon, Dr. Skinner, for his hand injury. Plaintiff was still waiting for a custom hand brace that Dr. Skinner had twice requested.

35. Plaintiff was 62 years old at the time of his termination. His manager, Joseph Gladish, age 67, employment with the Defendant ended abruptly without notice or recognition only weeks after stating his intention to work until age 70. Both Plaintiff and his manager were among the oldest employees in the division and were removed from employment within a short time of one another. During the same period, Defendant underwent a June 2025 corporate restructuring and was replacing senior, experienced, and higher-paid technicians with younger and less expensive workers.

36. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant damages, including lost wages and benefits, emotional distress, anxiety, stress-induced hypertension, insomnia, out-of-pocket medical costs, reputational harm, and financial hardship.

## COUNT I: DISABILITY DISCRIMINATION <br>(DISPARATE TREATMENT) – ADA

37. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

38. Plaintiff is a qualified individual with a disability within the meaning of the ADA. Plaintiff's severe right thumb injury substantially limited his ability to grip, lift, and perform certain tasks.

39. Plaintiff was qualified for his position and was capable of performing the essential functions of his job with or without reasonable accommodation.

40. Defendant subjected Plaintiff to the following adverse employment actions because of his disability: revocation of his warehouse access; exclusion from meetings; denial of communication; withholding of his personal belongings; humiliating supervision by a subordinate; and ultimately, termination of his employment effective July 17, 2025.

41. Similarly situated employees without disabilities were not subjected to comparable adverse treatment and were not subjected to the systematic exclusion and punitive treatment directed at Plaintiff.

42. Plaintiff's disability was a motivating and/or but-for factor in Defendant's decision to terminate his employment.

43. Plaintiff sustained emotional suffering and injury attributable to the discrimination.

44. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from discriminating against Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of disability discrimination in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of disability discrimination and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to disability discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff attorneys' fees, including expert witness fees.

h. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT II: DISABILITY DISCRIMINATION**
**(FAILURE TO ACCOMMODATE) – ADA**

45. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

46. Plaintiff is a qualified individual with a disability within the meaning of the ADA, in that Plaintiff's right thumb injury substantially limited one or more major life activities, including his ability to grip, lift, and perform certain tasks.

47. Plaintiff requested a reasonable accommodation, specifically a transition to a less physical leadership, supervisory, or training-based role consistent with his medical restrictions and years of experience.

48. Defendant failed to engage in any good-faith interactive process with Plaintiff. Defendant did not provide Plaintiff with a clear, written description of any specific light-duty position, essential functions, schedule, or start date. Defendant's alleged offers of

accommodation were contained only in internal communications among management and HR, from which Plaintiff was excluded.

49. Defendant's refusal to accommodate Plaintiff constituted a failure to reasonably accommodate his disability in violation of the ADA.

50. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff was denied the ability to remain employed and was ultimately terminated.

51. Plaintiff sustained emotional suffering and economic injury attributable to Defendant's failure to accommodate.

52. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count II of this Complaint and from failing to accommodate disabled employees.

b. Issue an order requiring the Defendant to adopt and disseminate a policy requiring good-faith engagement in the interactive process and providing reasonable accommodations to employees with disabilities.

c. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not been denied a reasonable accommodation, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

d. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

e. Award the Plaintiff compensatory damages for his emotional suffering.

f. Award the Plaintiff attorneys' fees, including expert witness fees.

g. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT III: DISABILITY DISCRIMINATION**
**(RETALIATION) – ADA**

53. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

54. Plaintiff engaged in protected activity under the ADA when he reported his disability, requested reasonable accommodations, and pursued his rights as a disabled employee.

55. Following Plaintiff's protected activity, Defendant subjected Plaintiff to the following materially adverse employment actions:

a. Revocation of Plaintiff's warehouse access and exclusion from meetings while similarly situated, non-disabled employees retained access and were not subject to such restrictions;

b. Withholding of Plaintiff's personal belongings for weeks, followed by humiliating supervision when Plaintiff was finally permitted to retrieve them; and

c. Termination of Plaintiff's employment effective July 17, 2025, while Plaintiff remained under active medical care and before any determination of his long-term medical restrictions had been made.

56. The temporal proximity between Plaintiff's protected activities and the adverse actions supports a causal connection. Plaintiff's exclusion, isolation, and termination followed directly upon his placement on workers' compensation leave and his requests for accommodation.

57. The Plaintiff's disability-related protected activity was a motivating and/or but-for factor in Defendant's decision to terminate his employment.

58. Plaintiff sustained emotional suffering and injury attributable to Defendant's retaliatory conduct.

59. Defendant acted with malice and with reckless indifference to Plaintiff's federally protected civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count III of this Complaint and from retaliating against Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count III of this Complaint, and from all other forms of retaliation in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from retaliation and establishing reasonable and adequate procedures for investigating complaints of disability-related retaliation and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to retaliation, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff attorneys' fees, including expert witness fees.

h. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT IV: AGE DISCRIMINATION**
**(DISPARATE TREATMENT) – ADEA**

60. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

61. Plaintiff was 62 years old at the time of his termination, and is a member of a class protected under the ADEA from discrimination on the basis of age.

62. Plaintiff was qualified for his position. He had been employed by Defendant from August 2021 through July 2025, consistently met or exceeded performance expectations, and received recognition for his ability to work independently and carry the department load.

63. Defendant subjected Plaintiff to adverse employment actions, culminating in the termination of his employment effective July 17, 2025, based on his age.

64. Similarly situated younger employees were not subjected to the same adverse treatment. During the same period in which Plaintiff was terminated, Defendant underwent a corporate restructuring and was replacing senior, experienced, and higher-paid technicians with younger and less expensive workers.

65. Plaintiff's age was the but-for cause of Defendant's decision to terminate his employment.

66. The pattern of age-based displacement is underscored by the abrupt departure of Plaintiff's manager, Joseph Gladish, age 67, who was among the oldest employees in the division. Gladish had stated his intention to work until age 70 but was removed from employment within a short time thereafter. Both Plaintiff and his manager were among the oldest employees in the division and were displaced within close temporal proximity.

67. Plaintiff sustained emotional suffering and injury attributable to the age-based discrimination.

68. Defendant acted with willfulness and with reckless disregard of Plaintiff's rights under the ADEA.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IV of this Complaint and from discriminating against Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count IV of this Complaint, and from all other forms of age discrimination in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from age discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of age discrimination and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to age discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff liquidated damages pursuant to the ADEA.

g. Award the Plaintiff attorneys' fees, including expert witness fees.

h. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT V: AGE DISCRIMINATION**
**<u>(RETALIATION) – ADEA</u>**

69. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

70. Plaintiff engaged in protected activity under the ADEA by opposing age-based discrimination in employment.

71. Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including exclusion, isolation, and ultimately termination of his employment effective July 17, 2025.

72. Plaintiff's age-based protected activity was a but-for cause of Defendant's retaliatory conduct.

73. Plaintiff sustained emotional suffering and injury attributable to Defendant's retaliatory conduct.

74. Defendant acted with willfulness and with reckless disregard of Plaintiff's rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count V of this Complaint and from retaliating against Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count V of this Complaint, and from all other forms of retaliation in the future.

c. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to retaliation, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

d. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

e. Award the Plaintiff liquidated damages pursuant to the ADEA.

f. Award the Plaintiff attorneys' fees, including expert witness fees.

g. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT VI: DISABILITY DISCRIMINATION**
**(DISPARATE TREATMENT) – FCRA**

75. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

76. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

77. Plaintiff is a member of a protected class based on his disability (handicap) under the FCRA.

78. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory, hostile, and offensive treatment because of his disability, as more fully described in paragraphs 14 through 36 of this Complaint.

79. The discriminatory conduct referred to in paragraphs 14 through 36 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

80. Plaintiff was subjected to the conduct referred to in this Complaint because of his disability.

81. Similarly situated employees without disabilities were not subjected to the conduct described and referred to in paragraphs 14 through 36 of this Complaint.

82. Plaintiff was qualified for his position while working for the Defendant.

83. Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of his disability in the terms, conditions, and privileges of his employment.

84. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

85. Any alleged nondiscriminatory reason for this treatment of Plaintiff by Defendant is a mere pretext for the actual reason for discriminating against him based on his disability.

86. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

87. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including attorneys' fees;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

**COUNT VII: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA**

88. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

89. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq.

90. Plaintiff is a qualified individual with a disability within the meaning of the FCRA and was capable of performing the essential functions of his position with a reasonable accommodation.

91. Plaintiff requested accommodation in the form of a transition to a less physical leadership, supervisory, or training-based role consistent with his medical restrictions and experience. Defendant failed to meaningfully engage in the interactive process and failed to provide any reasonable accommodation.

92. Defendant's failure to accommodate Plaintiff's disability, in violation of the FCRA, directly caused Plaintiff's termination.

93. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

94. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

95. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that fails to reasonably accommodate employees with disabilities.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including attorneys' fees;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

**COUNT VIII: DISABILITY DISCRIMINATION**
**(RETALIATION) – FCRA**

96. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

97. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq.

98. Plaintiff is a member of the protected class of individuals with disabilities under the FCRA.

99. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory, hostile, and offensive treatment because of his complaints about disability discrimination and his requests for accommodation.

100. Plaintiff's complaints about disability discrimination and his requests for accommodation constitute engagement in protected activity.

101. The discriminatory conduct referred to in paragraphs 14 through 36 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

102. Plaintiff was subjected to the conduct referred to in this Complaint because he engaged in protected activity by asserting his rights as a disabled employee, requesting accommodation, and filing a workers' compensation claim.

103. Plaintiff was qualified for his position while working for Defendant.

104. Defendant violated the Florida Civil Rights Act by retaliating against Plaintiff because of his disability-related protected activity.

105. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

106. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

107. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees with disabilities.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including attorneys' fees;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT IX: AGE DISCRIMINATION**
**(DISPARATE TREATMENT) – FCRA**

108. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

109. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer to discharge or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age.

110. Plaintiff is a member of the protected class of individuals over the age of forty (40) under the FCRA.

111. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory and adverse treatment because of his age, as more fully described in paragraphs 14 through 36 of this Complaint.

112. The discriminatory conduct referred to in paragraphs 14 through 36 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

113. Plaintiff was subjected to the conduct referred to in this Complaint because of his age.

114. Similarly situated employees who are younger than Plaintiff were not subjected to the conduct described and referred to in paragraphs 14 through 36 of this Complaint. During the same period, Defendant underwent a corporate restructuring in which older, more experienced, and higher-paid workers, including Plaintiff and his manager Joseph Gladish, were displaced in favor of younger and less expensive labor.

115. Plaintiff was qualified for his position while working for Defendant.

116. Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of his age in the terms, conditions, and privileges of his employment.

117. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

118. Any alleged nondiscriminatory reason for this treatment of Plaintiff by Defendant is a mere pretext for the actual reason for discriminating against him based on his age.

119. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

120. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including attorneys' fees;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

**COUNT X: AGE DISCRIMINATION**
**(RETALIATION) – FCRA**

121. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

122. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

123. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq.

124. Plaintiff is a member of the protected class of individuals over the age of forty (40) under the FCRA.

125. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory, hostile, and adverse treatment because of his opposition to age-based discrimination.

126. Plaintiff's opposition to age-based discrimination constitutes engagement in a protected activity.

127. The retaliatory conduct referred to in paragraphs 14 through 36 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

128. Plaintiff was subjected to the conduct referred to in this Complaint because he opposed age-based discrimination.

129. Plaintiff was qualified for his position while working for Defendant.

130. Defendant violated the Florida Civil Rights Act by retaliating against Plaintiff because of his opposition to age discrimination.

131. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

132. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

133. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates on the basis of age.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including attorneys' fees;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT XI: RETALIATION – FLORIDA WORKERS' COMPENSATION LAW**
**(Fla. Stat. § 440.205)**

134. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

135. The Florida Workers' Compensation Law, Fla. Stat. § 440.205, prohibits an employer from discharging, threatening to discharge, intimidating, or coercing any employee by reason of such employee's valid claim for compensation or attempt to claim compensation. As alleged in the Charge of Discrimination filed in this matter, Defendant's

conduct constitutes retaliation for Plaintiff's exercise of his rights under the Florida Workers' Compensation Law in violation of Fla. Stat. § 440.205.

136. Plaintiff sustained a legitimate workplace injury to his right thumb in or around November 2024 and pursued a valid claim for workers' compensation benefits. Plaintiff was placed on workers' compensation leave on March 25, 2025, and remained under the active care of his treating surgeon at the time of his termination.

137. Following Plaintiff's placement on workers' compensation leave and his pursuit of workers' compensation benefits, Defendant subjected Plaintiff to adverse actions, including revoking his warehouse access, excluding him from meetings, cutting off communication, withholding his personal belongings, threatening him with job loss, and ultimately terminating his employment effective July 17, 2025.

138. Defendant's termination of Plaintiff occurred while Plaintiff remained under active medical treatment for his workplace injury and while his workers' compensation claim was still being processed.

139. The termination of Plaintiff's employment by Defendant constitutes unlawful retaliation by reason of Plaintiff's valid claim for workers' compensation benefits, in violation of Fla. Stat. § 440.205.

140. As a direct and proximate result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, loss of benefits, emotional distress, and financial hardship.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Fla. Stat. § 440.205;

b. Order reinstatement of the Plaintiff to the same position held before Defendant's retaliatory action against Plaintiff, or to an equivalent position;

c. Reinstate Plaintiff's full fringe benefits and seniority rights;

d. Award compensation for lost wages, benefits, and other remuneration;

e. Award the Plaintiff compensatory damages for emotional distress and financial harm;

f. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury of all issues so triable as of right.

**Dated**: **August 17, 2026**.

Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha Walls Blye, Esq.
Florida Bar No. 738158
Email: attorneyblye@lawyerofjustice.com
THE LAW OFFICES OF T. WALLS BLYE, PLLC
66 West Flagler Street, Suite 900
Miami, Florida 33130
15800 Pines Blvd., 3rd Floor, Suite 321
Pembroke Pines, Florida 33027
Telephone: (786) 796-1814

***Lead Counsel for Plaintiff***